## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER LACCINOLE

Plaintiff

v.

ROCKET MORTGAGE, LLC

Defendant

Civil Action No. 1:21-cv-478

## NOTICE OF REMOVAL

Defendant Rocket Mortgage, LLC ("Rocket Mortgage") hereby removes the above-captioned action, which is currently pending in Rhode Island Superior Court in Washington County as WC-2021-0518, to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), and 1367(a) (supplemental jurisdiction), as authorized by 28 U.S.C. §§ 1441 and 1446.[1] As grounds for removal, Rocket Mortgage states as follows:

## BACKGROUND

1.      On November 14, 2021, *pro se* Plaintiff Christopher Laccinole (hereinafter "Plaintiff") filed the Complaint ("Compl.")—one of several dozen Rhode Island Superior Court

---

[1] By filing this Notice of Removal, Rocket Mortgage does not waive, and expressly reserves, its right to object to service of process, the sufficiency of process, personal jurisdiction, or venue, and also specifically reserves its right to assert any defenses and/or objections to which it may be entitled.  Rocket Mortgage also expressly reserves all rights to challenge the Complaint (including the relief sought therein), or any later amended complaints, on the merits, on jurisdictional, or any other appropriate grounds.  The facts set forth in this Notice are based on the allegations in the Complaint and Rocket Mortgage's good faith allegations, and are solely for removal purposes.

complaints he has filed in recent years—against Rocket Mortgage in Rhode Island Superior Court in Washington County (the "State Court Action").

2.      On November 17, 2021, Plaintiff served Rocket Mortgage, through its registered agent, with the Summons and Complaint. Attached hereto as <u>Exhibit A</u> is a copy of all process and pleadings served upon Rocket Mortgage in the State Court Action, including the Complaint.

## PLAINTIFF'S ALLEGATIONS

3.      The Complaint purports to assert claims for (1) violations of the Telephone Consumer Protection Act 42 U.S.C. § 227 ("TCPA") (Counts 1-22); (2) violations of the Rhode Island Deceptive Trade practices Act R.I. Gen. L. § 6-13.1 et seq. ("RIDTPA") (Count 23); and (3) for invasion of privacy under R.I. Gen. L. § 9-1-28.1 (Count 24).

4.      Plaintiff's federal and state law claims arise out of his generic assertion that Rocket Mortgage called Plaintiff's cell phone without his consent. Compl. ¶ 29, 34.

5.      In Counts 1-22, Plaintiff vaguely alleges that Rocket Mortgage violated the TCPA. In support of these claims, Plaintiff makes conjectural and duplicative allegations that Rocket Mortgage purportedly (1) used an Automatic Telephone Dialing System ("ATDS") to call Plaintiff without Plaintiff's consent; (2) used pre-recorded voice during calls and did not provide an opt-out mechanism; (3) called Plaintiff without his consent while his number was listed on the National Do-Not-Call Registry; and (4) lacked various policies and procedures required by the TCPA. *Id.* ¶ 94-207.

6.      Plaintiff bases his two state law claims on the allegations that it was "unfair" for Rocket Mortgage to allegedly call Plaintiff and that Rocket Mortgage's alleged calls "intruded upon the seclusion of Plaintiff." *Id.* ¶ 212, 218.

2

7.     As relief, Plaintiff seeks (1) statutory damages under the TCPA, including damages for willful and knowing violations; (2) actual damages; (3) injunctive relief; (4) punitive damages; (5) attorney's fees; and (6) costs. *Id.* at ¶ 94-221.

## REMOVAL IS PROPER UNDER
## 28 U.S.C. § 1331 (FEDERAL QUESTION JURISDICTION).

8.     Rocket Mortgage is removing this matter pursuant to 28 U.S.C. § 1441(a), which provides that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." This Court has original federal question jurisdiction over this matter because it is a civil action "arising under the . . . laws . . . of the United States."  28 U.S.C. § 1331.

9.     Plaintiff recites twenty-two (22) claims under the TCPA, a federal consumer protection law. These claims constitute a substantial majority of the claims asserted in the Complaint. The federal question requirement of 28 U.S.C. § 1331 is therefore satisfied because Plaintiff's right to relief was created by federal law.  *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (stating that TCPA contains a federal right of action and contemplating removal of TCPA claims to federal court).

10.     <u>Supplemental Jurisdiction</u>. Plaintiff's two (2) state and common law claims are properly removable under the Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), because they are so related to the federal law claims set forth in the Complaint "that they form part of the same case or controversy." Like Plaintiff's federal law claims, Plaintiff's state law claims are all premised upon Rocket Mortgage's alleged calls to Plaintiff without his consent. Plaintiff's state law claims do not raise novel or complex issues of state law, nor do they substantially predominate over the federal law claims. 28 U.S.C. § 1367(c)(1) & (2); *Cavallaro v. UMASS Mem'l Healthcare, Inc.*, 678 F.3d 1, 9 (1st Cir. 2012) (finding supplemental jurisdiction proper

where state law claim arose "from the same nucleus of facts" as plaintiffs' federal claims, "the question [was] purely legal and, although perhaps novel . . . by no means complex").

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

11.     <u>Removal to Proper Court</u>. Pursuant to 28 U.S.C. §§ 1446(a) and 1446(d), Rocket Mortgage filed this Notice of Removal in the United States District Court for the District of Rhode Island, which is the "district court of the United States" embracing the place where the State Court Action was filed. Therefore, the State Court Action was removed to the proper court.

12.     <u>Removal is Timely</u>. This removal is timely under 28 U.S.C. § 1446(b)(1) because Rocket Mortgage removed the State Court Action within thirty (30) days of service of the Complaint on Rocket Mortgage.  *See* 28 U.S.C. 1446(b)(1). Rocket Mortgage was served with the Complaint on November 16, 2021. Therefore, this Notice of Removal is timely because it is filed within 30 days as required by 28 U.S.C. § 1446(b).

13.     <u>Signature</u>. The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

14.     <u>Pleadings and Process</u>. Attached hereto as <u>Exhibit A</u> is a copy of all process, pleadings, and orders served upon Rocket Mortgage in the State Court Action.  *See* 28 U.S.C. § 1446(a). Pursuant to Local Rule Cv 81, Rocket Mortgage will file certified or attested copies of all records, proceedings, and docket entries in the State Court within 14 days of the filing of this Notice of Removal.

15.     <u>Notice to Adverse Parties and State Court</u>. Attached hereto as <u>Exhibit B</u> is a copy of the Notice to Adverse Parties and State Court, without exhibits, which Rocket Mortgage will promptly file with the Clerk of the Superior Court for Washington County, Rhode Island and serve upon the *pro se* Plaintiff. *See* 28 U.S.C. § 1446(d).

16.     <u>Bond and Verification</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

17.     <u>Filing Fee</u>. Rocket Mortgage has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

### **CONCLUSION**

18.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367(a), and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

19.     In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Rocket Mortgage requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, this action should proceed in the United States District Court for the District of Rhode Island, as an action properly removed hereto.

Dated:     December 3, 2021              Respectfully submitted,

Rocket Mortgage, LLC

By its attorneys,

*/s/ Harris K. Weiner*
Harris K. Weiner
**HARRIS K. WEINER LAW**
197 Taunton Avenue
East Providence, RI 02914
Tel.:  401-437-4450
Cell:  401-862-9173
Fax.: 401-438-1630
harris@hkweinerlaw.com

W. Kyle Tayman (*pro hac vice pending*)
**GOODWIN PROCTER LLP**
1900 N. Street NW
Washington, DC 20036
Tel.:   202.346.4000
Fax.:  202.346.4444
*ktayman@goodwinlaw.com*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on December 3, 2021 I caused the foregoing document to be served by first class mail, postage prepaid on the following *pro se plaintiff*:

Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

         */s/Harris K. Weiner*
         Harris K. Weiner