Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 1 of 36 PageID #: 8

**STATE OF RHODE ISLAND**         **SUPERIOR COURT**
**WASHINGTON COUNTY**

**CHRISTOPHER LACCINOLE**      **C.A. No.**
*Plaintiff*

**Vs.**
                               **JURY TRIAL REQUESTED**
**Rocket Mortgage, LLC**
**&**
**Does 1-10 Inclusive;**
*Defendants*

## COMPLAINT

## I. INTRODUCTION

1.    Plaintiff, a consumer, alleges that Rocket Mortgage, LLC ("Rocket Mortgage") harassed him with robodialed telemarketing solicitations without the prior express written consent of Plaintiff and while Plaintiff's telephone number was on the National Do-Not-Call Registry.

2.    After being inundated with robocalls, Plaintiff sent Rocket Mortgage a certified letter telling Rocket Mortgage to stop calling Plaintiff.  Rocket Mortgage refused to stop and Rocket Mortgage continued calling Plaintiff after signing and receiving Plaintiff's letter.

3.    The Plaintiff brings this action alleging that the Defendant Rocket Mortgage and Does 1-10 engaged in harassing, abusive, and prohibited conduct while soliciting for business in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA").  The Plaintiff seeks statutory damages and injunctive relief from each Defendant under the TCPA.

4.    Also in violation of the TCPA, Rocket Mortgage failed to maintain adequate procedures to engage in telemarketing. This includes the creation, use, and accurate

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 2 of 36 PageID #: 9

maintenance of an internal do not call list.

5.    Plaintiff never consented to receive these calls.

6.    Plaintiff also alleges that Defendant's conduct while attempting to sell products constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act. The Plaintiff seeks actual damages, injunctive relief, punitive damages, costs, and attorney fees from each Defendant under the RI DTPA.

7.    Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II.  JURISDICTION AND VENUE

8.    This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

9.    Venue is proper because Plaintiff is a resident of Washington County and the conduct giving rise to this Complaint occurred in Washington County.

## III.  PARTIES

10.   Defendant Rocket Mortgage, LLC maintains its headquarters at 1050 Woodward Ave, Detroit, MI, 48226.

11.   The Plaintiff is an adult resident of Narragansett, Rhode Island.

12.   Upon information and belief, Defendant may be served upon its registered agent in Rhode Island, to wit: CT Corporation System at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

13.   Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 3 of 36 PageID #: 10

## IV.  TCPA BACKGROUND

14. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls to Cellular Telephones and Numbers Charged Per Call.

15. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system (ATDS) or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service or to a number that is charged per call. See 47 U.S.C. § 227(b)(1)(A).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  See 47 U.S.C. § 227(b)(3).

16. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

17. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278,

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 4 of 36 PageID #: 11

Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

18.     In 2013, the FCC required prior express written consent for all autodialed or

prerecorded telemarketing calls ("robocalls") to wireless numbers and residential

lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed
> and be sufficient to show that the consumer: (1) received "clear and conspicuous
> disclosure" of the consequences of providing the requested consent, i.e., that the
> consumer will receive future calls that deliver prerecorded messages by or on behalf
> of a specific seller; and (2) having received this information, agrees unambiguously
> to receive such calls at a telephone number the consumer designates.[] In addition,
> the written agreement must be obtained "without requiring, directly or indirectly,
> that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.
Rcd. 1830, 1844 (2012) (footnotes omitted).

### The National Do Not Call Registry

19.     The National Do Not Call Registry allows consumers to register their telephone

numbers and thereby indicate their desire not to receive telephone solicitations at

those numbers.  See 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be

honored indefinitely, or until the registration is cancelled by the consumer or the

telephone number is removed by the database administrator." *Id.*

20.     The TCPA and implementing regulations prohibit the initiation of telephone

solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c);

47 C.F.R. § 64.1200(c)(2).

### The TCPA's Internal Do Not Call List Requirements

21.     The TCPA's implementing regulations prohibit any company from initiating any

telemarketing call unless the company has implemented internal procedures for

maintaining a list of persons who request not to be called by the entity. 47 C.F.R.

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 5 of 36 PageID #: 12

64.1200(d). Such internal procedures must meet certain minimum requirements to allow the entity to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

22.   This includes the requirements that:

1.   "Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list" (47 C.F.R. 64.1200(d)(1));

2.   "Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list" (47 C.F.R. 64.1200(d)(2));

3.   Persons or entities making telemarketing calls must honor do-not-call requests within a reasonable time, not to exceed thirty days, from the date such request is made (47 C.F.R. 64.1200(d)(3));

4.   "A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls.  A do-not-call request must be honored for 5 years from the time the request is made." (47 C.F.R. 64.1200(d)(6)).

23.   Pursuant to 47 C.F.R. 64.1200(e), the rules set forth above in 47 C.F.R. 64.1200(d) are "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers…."

## V.  FACTUAL ALLEGATIONS

24.   Plaintiff is a person as that term is defined by 47 U.S.C. § 153(39).

25.   Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

26.   Defendant is a person as that term is defined by 47 U.S.C. § 153(39).

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 6 of 36 PageID #: 13

27. Defendant is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

28. In a quest to compete with other businesses, Rocket Mortgage implemented a telemarketing tool that placed automated calls to consumers to solicit Rocket Mortgage's products.

29. Plaintiff did not ask for Rocket Mortgage to contact him regarding any products or services.

30. As a consumer, Plaintiff purchased a cellular telephone in 2019 for residential purposes only.

31. Plaintiff's cellular telephone is not associated with any business.

32. Plaintiff's cellular telephone has a limited minutes plan, so that when Rocket Mortgage places calls to Plaintiff, Rocket Mortgage depletes the minutes on Plaintiff's plan.

33. Plaintiff does not owe any Defendant any money.

34. On September 28, 2021, Plaintiff started receiving calls from 800 719 2133.

35. When Plaintiff answered the call, there was dead air for six seconds before Plaintiff heard a click and then an operator started talking.

36. The caller said "Hello Jason?"

37. The caller claimed to be from "Rocket Mortgage."

38. Rocket Mortgage was attempting to sell a financial product.

39. Plaintiff subsequently discovered that Rocket Mortgage is a telemarketer.

40. Rocket Mortgage continued to call Plaintiff.

41. During several of the calls when Rocket Mortgage called Plaintiff, Plaintiff would

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 7 of 36 PageID #: 14

answer the call and there would not be anyone on the other end of the line for 6 seconds or more until the operator joined the call.

42.   During several of the calls when Rocket Mortgage called Plaintiff, Plaintiff would answer the call and there would be a prerecorded message playing.

43.   The prerecorded message contained an artificial or prerecorded voice.  Plaintiff recognized this because the initial voice sounded different from the operator who subsequently joined the call.

44.   During the prerecorded message that Rocket Mortgage transmitted to Plaintiff, Rocket Mortgage did not state clearly at the beginning of the message the identity of the business, individual, or other entity initiating the call.

45.   In the prerecorded message that Rocket Mortgage transmitted to Plaintiff, Rocket Mortgage did not state clearly the telephone number or address of such business, other entity, or individual.

46.   On October 8, 2021, Plaintiff sent a certified letter (return receipt requested) to Rocket Mortgage at 1050 Woodward Ave, Detroit, MI 48226.

47.   Plaintiff obtained Rocket Mortgage's address from the website www.rocketmortgage.com.

48.   In Plaintiff's letter, Plaintiff provided his name, his full mailing address, and his telephone number that Rocket Mortgage keeps calling.

49.   In Plaintiff's letter, he stated:

> *Dear Rocket Mortgage,*
>
> *Please don't send me any text messages or call me.  You have the wrong number.*
> *Sincerely,*

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 8 of 36 PageID #: 15

*Chris Laccinole*

50.     Plaintiff attaches a copy of the letter he sent to Rocket Mortgage as Exhibit A to this
        Complaint.

51.     Rocket Mortgage received and signed for Plaintiff's letter on October 12, 2021.

52.     Plaintiff attaches a copy of the return receipt signed by "Anthony Guido" of Rocket
        Mortgage as Exhibit B to this Complaint.

53.     Despite receiving a clear and unmistakable request that Rocket Mortgage stop calling
        Plaintiff, Rocket Mortgage continued to call Plaintiff.

54.     On several days, Rocket Mortgage called Plaintiff four times per day.

55.     Upon information and belief, Defendants employ an automated telephone dialing
        system because there was no human on the other end of the call for over six seconds
        during several of these calls. The further evidence of this system is that during some
        of the calls, Plaintiff heard an audible click followed by a pause and then an operator
        joined the call.

56.     The further evidence of this automated telephone dialing system is that Rocket
        Mortgage used prerecorded messages when Plaintiff answered the call.

57.     To call Plaintiff's cellular telephone, Defendants utilized a calling platform
        ("Platform") that allowed the transmission of thousands of calls without human
        involvement.

58.     This is evident because on many occasions, Plaintiff received and answered phone
        calls from Defendants, only to be placed on hold and forced to wait while no human
        was on the other end of the call.

59.     Specifically, upon information and belief, Defendants utilized a combination of

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478  Document 1-1  Filed 12/03/21  Page 9 of 36 PageID #: 16

hardware and software systems to call Plaintiff. The systems utilized by Defendants have the capacity to store telephone numbers using a random or sequential generator, and to dial such numbers from a list without human intervention.

60. The Platform has the capacity to store telephone numbers, which capacity was in fact utilized by Defendants.

61. The Platform has the capacity to generate sequential numbers, which capacity was in fact utilized by Defendants to determine the order in which to pick phone numbers from a preproduced list.

62. The Platform has the capacity to dial numbers in sequential order, which capacity was in fact utilized by Defendants.

63. The Platform has the capacity to dial numbers from a list of numbers, which capacity was in fact utilized by Defendants.

64. The Platform has the capacity to dial numbers without human intervention, which capacity was in fact utilized by Defendants.

65. The Platform has the capacity to schedule the time and date for future transmission of phone calls, which occurs without any human involvement.

66. To call telephone numbers, Defendant's Platform automatically executed the following steps:

    a. The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed;

    b. The Platform then generated each number in the sequential order listed and dialed each number;

    c. Each call was then placed in the sequential order listed to mobile carriers (e.g.

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 10 of 36 PageID #: 17

AT&T), and consumers.

    d.   Upon the answer of Plaintiff, the Platform transferred the call – automatically and with no human intervention – to a queue in which Defendants could supply a live operator, again in the sequential order listed by Defendant.  If no live operator (human) was available, the Platform – automatically and with no human intervention – played a prerecorded message.

67.    The above execution of these instructions occurred seamlessly, with no human intervention, and almost instantaneously.  Indeed, the Platform is capable of transmitting thousands of calls following the above steps in minutes, if not less.

68.    Upon information and belief, Rocket Mortgage uses the phone number 800 719 2133 to contact consumers such as Plaintiff.

69.    Plaintiff does not have an account with Rocket Mortgage.

70.    Plaintiff has no pre-existing business relationship with Rocket Mortgage and never requested by an agreement or otherwise that he be contacted.

71.    At the time that Rocket Mortgage started calling Plaintiff, Plaintiff had already been in possession of his phone and the phone number in question for nearly two years.  At no point in this preceding two years was Plaintiff ever contacted by Rocket Mortgage.

72.    Plaintiff never provided his consent to Rocket Mortgage to be contacted on his cellular telephone.

73.    Plaintiff's phone number is part of the national Do Not Call registry.

74.    Rocket Mortgage's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety,

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 11 of 36 PageID #: 18

frustration, and annoyance.

75.     It is unfair for Rocket Mortgage to call Plaintiff and deplete the minutes in Plaintiff's

         cell phone plan when Rocket Mortgage did not have consent to call Plaintiff.

76.     The telephone calls to Plaintiff's cellular telephone number were not initiated for an

         emergency purpose.

77.     The robocalls were annoying, abusive, and harassing to Plaintiff.

78.     The robocalls to Plaintiff invaded the privacy interests that the TCPA was intended

         to protect.

79.     Defendants do not maintain a written policy for maintaining a do-not-call list.

80.     Defendants have not informed and trained personnel engaged in making calls on the

         use of the do-not-call list.

81.     Plaintiff incurred damages as a result of Defendant's unlawful conduct.

82.     Defendant's phone calls harmed Plaintiff by causing the very harm that Congress

         sought to prevent—a "nuisance and invasion of privacy."

83.     Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with

         Plaintiff's rights and interests in Plaintiff's cellular telephone.

84.     Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with

         Plaintiff's rights and interests in Plaintiff's cellular telephone line.

85.     Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

86.     Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

87.     Defendant's phone calls harmed Plaintiff by causing Plaintiff aggravation and

         annoyance.

88.     Defendant's phone calls harmed Plaintiff by wasting Plaintiff's time.

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 12 of 36 PageID #: 19

89.     Defendant's phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

90.     Defendant's phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

91.     Defendant's phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

92.     Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices by engaging in acts or practices that are unfair or deceptive to the consumer. Rocket Mortgage called Plaintiff after Plaintiff told Rocket Mortgage to cease and desist. Rocket Mortgage caused charges to be incurred on Plaintiff's cellular telephone.

93.     Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices by using methods, acts, and practices that mislead or deceive members of the public in a material respect.

**COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii)**

94.     The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

95.     Defendant's violations of the TCPA include, but are not limited to, the following:

> Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

96.     As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 13 of 36 PageID #: 20

97.     Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for "each such violation" pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

98.     The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

99.     Defendants violated regulations of the TCPA including, but not limited to, the

following:

> No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.
>
>                                        47 CFR § 64.1200(a)(1)(iii).

100.    Defendants damaged Plaintiff by calling and texting his cellular phone and using the

limited minutes plan in his cellular telephone plan that Plaintiff purchased.

101.    As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

102.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 14 of 36 PageID #: 21

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT III – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)

103.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

104.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.

47 CFR § 64.1200(a)(2).

105.   Defendants damaged Plaintiff by calling his cellular phone with telemarketing

messages and using the limited minutes plan in Plaintiff's cellular telephone plan that

Plaintiff purchased.

106.   As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

107.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 15 of 36 PageID #: 22

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from making telemarketing calls using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)

108.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

109.   Defendants violated regulations of the TCPA including, but not limited to, the following:

> In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.
>
> 47 CFR § 64.1200(b)(3).

110.   Since Defendants did not provide an opt-out mechanism to Plaintiff during the prerecorded message, Defendant's conduct damaged Plaintiff by forcing him to incur expenses from further phone calls or prerecorded messages to Plaintiff's cellular telephone.

111.   As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 16 of 36 PageID #: 23

injunction prohibiting future conduct in violation of the TCPA.

112.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from making telephone solicitations without providing an opt out mechanism.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT V – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)**

113.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

114.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.
47 CFR § 64.1200(c)(2).

The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."
47 CFR § 64.1200(e).

115.   Since Defendants called Plaintiff's cellular telephone while his telephone was on the

National Do Not Call Registry, Defendant's conduct damaged Plaintiff by forcing

16

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 17 of 36 PageID #: 24

him to incur expenses from further phone calls to Plaintiff's cellular telephone.

116.    As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

117.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling telephone numbers on the national do-not-call-registry.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT VI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)**

118.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

119.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

> Written policy.  Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> 47 CFR § 64.1200(d)(1).

120.    Defendants do not maintain a do-not-call list.

121.    As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478    Document 1-1    Filed 12/03/21    Page 18 of 36 PageID #: 25

injunction prohibiting future conduct in violation of the TCPA.

122.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from conducting telemarketing without a written policy for maintaining a do-not-call list.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT VII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)**

123.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

124.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

Training of personnel engaged in telemarketing.  Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

47 CFR § 64.1200(d)(2).

125.    Defendants do not maintain a do-not-call list.

126.    As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

127.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 19 of 36 PageID #: 26

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without informed and trained personnel.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT VIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(3)

128.  The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

129.  Defendants violated regulations of the TCPA including, but not limited to, the

following:

> Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

47 CFR § 64.1200(d)(3).

130.  Defendants refused to record or honor Plaintiff's do not call request.

131.  As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 20 of 36 PageID #: 27

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

132.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   without recording of do-not-call requests.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT IX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)**

133.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

134.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

Identification of sellers and telemarketers. A person or entity making a call for
telemarketing purposes must provide the called party with the name of the
individual caller, the name of the person or entity on whose behalf the call is
being made, and a telephone number or address at which the person or entity
may be contacted.

47 CFR § 64.1200(d)(4).

135.    Since Defendants did not identify the name of the caller, Defendant's conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

136.    Since Defendants did not identify the name of the entity on whose behalf the call is

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 21 of 36 PageID #: 28

being made, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

137.   Since Defendants did not identify the telephone number of the caller, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

138.   Since Defendants did not identify the address of the caller, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

139.   As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

140.   Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)   Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2)   Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3)   Injunctive Relief to restrain and enjoin Defendant from telemarketing without identifying the caller.
4)   Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5)   Such other relief as the Court may deem just and appropriate.

### COUNT X – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(5)

141.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

142.   Defendants violated regulations of the TCPA including, but not limited to, the

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 22 of 36 PageID #: 29

following:

> Affiliated persons or entities. In the absence of a specific request by the
> subscriber to the contrary, a residential subscriber's do-not-call request shall
> apply to the particular business entity making the call (or on whose behalf a
> call is made), and will not apply to affiliated entities unless the consumer
> reasonably would expect them to be included given the identification of the
> caller and the product being advertised.
>
> 47 CFR § 64.1200(d)(5).

143. Defendants did not apply Plaintiff's do not call request to the particular business

entity making the calls.

144. As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

145. Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   when a consumer reported a do-not-call request to an affiliate.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(6)

146. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

147. Defendants violated regulations of the TCPA including, but not limited to, the

following:

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 23 of 36 PageID #: 30

Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 CFR § 64.1200(d)(6).

148.  Defendants did not maintain Plaintiff's do not call request.

149.  As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

150.  Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without maintaining a do-not-call list.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XII – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)**

151.  The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

152.  Defendant's violations of the TCPA include, but are not limited to, the following:

Placing more than one telephone call to Plaintiff's cellular phone without consent in violation of the TCPA regulations.

153.  As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 24 of 36 PageID #: 31

prohibiting future conduct in violation of the TCPA.

154.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

155.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

156.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

> No person or entity may use an automatic telephone dialing system or an
> artificial or prerecorded voice to any telephone number assigned to a paging
> service, cellular telephone service, specialized mobile radio service, or other
> radio common carrier service, or any service for which the called party is
> charged for the call.
>
> 47 CFR § 64.1200(a)(1)(iii).

157.    Defendants damaged Plaintiff by calling and texting his cellular phone and using the

limited minutes plan in his cellular telephone plan that Plaintiff purchased.

158.    As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

159.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 25 of 36 PageID #: 32

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XIV – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)

160. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

161. Defendants violated regulations of the TCPA including, but not limited to, the

following:

> No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.
>
> 47 CFR § 64.1200(a)(2).

162. Defendants damaged Plaintiff by calling his cellular phone with telemarketing

messages and using the limited minutes plan in Plaintiff's cellular telephone plan that

Plaintiff purchased.

163. As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

164. Since Defendant's violations were committed willfully and knowingly, Plaintiff

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 26 of 36 PageID #: 33

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XV – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)

165. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

166. Defendants violated regulations of the TCPA including, but not limited to, the

following:

> In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.
>
> 47 CFR § 64.1200(b)(3).

167. Since Defendants did not provide an opt-out mechanism to Plaintiff during the

prerecorded message, Defendant's conduct damaged Plaintiff by forcing him to incur

expenses from further phone calls to Plaintiff's cellular telephone.

168. As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

169. Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(a
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without an opt-out mechanism.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XVI – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)

170.  The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

171.  Defendants violated regulations of the TCPA including, but not limited to, the

following:

> No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.
> 47 CFR § 64.1200(c)(2).

> The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."
> 47 CFR § 64.1200(e).

172.  Since Defendants called Plaintiff's cellular telephone while his telephone was on the

National Do Not Call Registry, Defendant's conduct damaged Plaintiff by forcing

him to incur expenses from further phone calls to Plaintiff's cellular telephone.

173.  As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 28 of 36 PageID #: 35

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

174.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing to
   numbers on the national do-not-call registry.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XVII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)

175.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

176.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

Written policy.  Persons or entities making calls for telemarketing purposes
must have a written policy, available upon demand, for maintaining a do-not-
call list.

47 CFR § 64.1200(d)(1).

177.    Defendants do not maintain a do-not-call list.

178.    As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

179.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 29 of 36 PageID #: 36

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without a written do-not-call policy.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XVIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)

180.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

181.   Defendants violated regulations of the TCPA including, but not limited to, the following:

> Training of personnel engaged in telemarketing.  Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> 47 CFR § 64.1200(d)(2).

182.   Defendants do not maintain a do-not-call list.

183.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

184.   Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 30 of 36 PageID #: 37

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without informed and trained personnel.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XIX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(3)

185.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

186.   Defendants violated regulations of the TCPA including, but not limited to, the following:

> Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> 47 CFR § 64.1200(d)(3).

187.   Defendants refused to record or honor Plaintiff's do not call request.

188.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 31 of 36 PageID #: 38

189.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   without recording and honoring do-not-call requests.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)**

190.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

191.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

> Identification of sellers and telemarketers. A person or entity making a call for
> telemarketing purposes must provide the called party with the name of the
> individual caller, the name of the person or entity on whose behalf the call is
> being made, and a telephone number or address at which the person or entity
> may be contacted.
>
> 47 CFR § 64.1200(d)(4).

192.   Since Defendants did not identify the name of the caller, Defendant's conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

193.   Since Defendants did not identify the name of the entity on whose behalf the call is

being made, Defendant's conduct damaged Plaintiff by forcing him to incur expenses

to determine who called Plaintiff's cellular telephone.

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478    Document 1-1    Filed 12/03/21    Page 32 of 36 PageID #: 39

194.    Since Defendants did not identify the telephone number of the caller, Defendant's

conduct damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

195.    Since Defendants did not identify the address of the caller, Defendant's conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

196.    As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

197.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)  Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2)  Statutory Damages in the amount of $1,500 for each such violation
    pursuant to 47 U.S.C. § 227(c)(5);
3)  Injunctive Relief to restrain and enjoin Defendant from telemarketing
    without identifying the caller.
4)  Referral to the Rhode Island Attorney General for prosecution under 47
    U.S.C. § 227(g).
5)  Such other relief as the Court may deem just and appropriate.

### COUNT XXI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(5)

198.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

199.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 33 of 36 PageID #: 40

> Affiliated persons or entities. In the absence of a specific request by the
> subscriber to the contrary, a residential subscriber's do-not-call request shall
> apply to the particular business entity making the call (or on whose behalf a
> call is made), and will not apply to affiliated entities unless the consumer
> reasonably would expect them to be included given the identification of the
> caller and the product being advertised.
>
> 47 CFR § 64.1200(d)(5).

200.   Defendants did not apply Plaintiff's do not call request to the particular business

entity making the calls.

201.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

202.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   without honoring do-not-call requests from an affiliate.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XXII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(6)

203.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

204.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

33

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 34 of 36 PageID #: 41

Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 CFR § 64.1200(d)(6).

205.   Defendants did not maintain Plaintiff's do not call request.

206.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

207.   Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without maintaining a do-not-call list.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XXIII – RHODE ISLAND DTPA**

208.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

209.   Defendant violated the restrictions the RI DTPA imposes on them prohibiting Defendant from using unfair and deceptive practices in violation of Rhode Island General Law § 6-13.1 *et seq*.

210.   Defendant engaged in false representation or deceptive means to obtain money from a person.

34

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 35 of 36 PageID #: 42

211.   By calling Plaintiff's personal cellular telephone repeatedly, Defendants caused
       Plaintiff to incur charges to his personal cellular telephone plan, and depleted the
       minutes available in his plan.

212.   Defendant's actions were unfair to Plaintiff where Plaintiff had to go out of his way
       to tell Defendants to stop calling him and to stop the charges from Rocket Mortgage
       to accrue to Plaintiff's cellular telephone plan.

213.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in
       an amount to be determined by the court, and he may recover therefore pursuant to
       Rhode Island General Law § 6-13.1-5.2.

214.   Such conduct and actions of Defendants were willful, egregious, wicked, and, as a
       result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General
       Law § 6-13.1-5.2.

215.   The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island
       General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages against Defendants in the amount of $200 for each
   violation of the Rhode Island Deceptive Trade Practices Act pursuant to
   RIGL § 6-13.1-5.2;
3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5) Declaratory Relief that Defendants violated the Rhode Island Deceptive
   Trade Practices Act;
6) Injunctive Relief to refer the Court's findings to the Rhode Island
   Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5,
   RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.
7) Interest pursuant to RIGL § 9-21-10;
8) Such other relief as the Court may deem just and appropriate.

Case Number: WC-2021-0518
Filed in Washington County Superior Court
Submitted: 11/14/2021 8:57 PM
Envelope: 3372419
Reviewer: Brittany M.

Case 1:21-cv-00478   Document 1-1   Filed 12/03/21   Page 36 of 36 PageID #: 43

## COUNT XXIV – RIGHT TO PRIVACY

216.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

217.   Defendants violated the restrictions the privacy statute imposes on them prohibiting

Defendants from invading Plaintiff's privacy in violation of RIGL § 9-1-28.1 *et seq.*

218.   Defendants intruded upon the seclusion of Plaintiff.

219.   It is highly offensive that Defendants robocall Plaintiff four times a day, put Plaintiff

on hold, and play prerecorded messages—especially when Plaintiff asked Defendants

to stop calling him.

220.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in

an amount to be determined pursuant to RIGL § 9-1-28.1.

221.   The Plaintiff is entitled to an award of attorney's fees pursuant to RIGL § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Declaratory Relief that Defendants invaded Plaintiff's privacy.
4) Injunctive Relief to restrain and enjoin Defendants from violating
   Plaintiff's privacy.
5) Interest pursuant to RIGL § 9-21-10;
1) Such other relief as the Court may deem just and appropriate.

### JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com