**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CHRISTOPHER LACCINOLE**
*Plaintiff*

**Vs.**                                          **CA. NO.: 1:21-cv-478-JJM-LDA**

**Rocket Mortgage, LLC**
**&**
**DOES 1-10, inclusive**                 **JURY TRIAL REQUESTED**
*Defendants*

**FIRST AMENDED COMPLAINT**

Pursuant to Fed.R.Civ.P. 15(a)(1)(B), Plaintiff submits his First Amended Complaint.

## I.  INTRODUCTION

1.      Plaintiff, a consumer, alleges that Rocket Mortgage, LLC ("Rocket Mortgage")

harassed him with robodialed telemarketing solicitations without the prior express

written consent of Plaintiff and while Plaintiff's telephone number was on the

National Do-Not-Call Registry.

2.      Rocket Mortgage has recently been sued in a national TCPA class action lawsuit for

calling consumers on the National Do Not Call Registry, calling consumers without

prior express written consent, and calling consumers while failing to honor their

individual do not call requests.[1]

3.      After Plaintiff was inundated with robocalls, Plaintiff sent Rocket Mortgage a

certified letter telling Rocket Mortgage to stop calling Plaintiff.  Rocket Mortgage

refused to stop and Rocket Mortgage continued calling Plaintiff after signing and

receiving Plaintiff's letter.

---

[1] See *Shirley v. Rocket Mortgage, LLC*; 2:21-CV-13007; Eastern District of Michigan, Filed Dec. 27, 2021.

4.     The Plaintiff brings this action alleging that the Defendant Rocket Mortgage and
Does 1-10 engaged in harassing, abusive, and prohibited conduct while soliciting for
business in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227
(hereinafter "TCPA").  The Plaintiff seeks statutory damages and injunctive relief
from each Defendant under the TCPA.

5.     Also in violation of the TCPA, Rocket Mortgage failed to maintain adequate
procedures to engage in telemarketing. This includes the creation, use, and accurate
maintenance of an internal do not call list.

6.     Plaintiff never consented to receive these calls.

7.     Plaintiff also alleges that Defendant's conduct while attempting to sell products
constituted a deceptive practice in violation of the Rhode Island Deceptive Trade
Practices Act. The Plaintiff seeks actual damages, injunctive relief, punitive damages,
costs, and attorney fees from each Defendant under the RI DTPA.

8.     Any violations by Defendants were knowing, willful, intentional, and Defendants
did not maintain procedures reasonably adapted to avoid any such violation.

## II.  JURISDICTION AND VENUE

9.     This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47
U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

10.    Venue is proper because Plaintiff is a resident of Washington County and the
conduct giving rise to this Complaint occurred in Washington County.

## III.  PARTIES

11.    Defendant Rocket Mortgage, LLC maintains its headquarters at 1050 Woodward
Ave, Detroit, MI, 48226.

12.   The Plaintiff is an adult resident of Narragansett, Rhode Island.

13.   Upon information and belief, Defendant may be served upon its registered agent in

      Rhode Island, to wit: CT Corporation System at 450 Veterans Memorial Parkway,

      Suite 7A, East Providence, RI 02914.

14.   Other defendants may be discovered in the course of litigation, and Plaintiff

      respectfully prays that the Court will permit the addition of later discovered parties

      upon motion.

### IV.  TCPA BACKGROUND

15.   In 1991, Congress enacted the TCPA to regulate the explosive growth of the

      telemarketing industry. In so doing, Congress recognized that "[u]nrestricted

      telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer

      Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. §

      227).

The TCPA Prohibits Automated Telemarketing Calls to Cellular Telephones and Numbers
Charged Per Call.

16.   The TCPA makes it unlawful "to make any call (other than a call made for

      emergency purposes or made with the prior express consent of the called party) using

      an automatic telephone dialing system (ATDS) or an artificial or prerecorded voice

      … to any telephone number assigned to a … cellular telephone service or to a

      number that is charged per call. See 47 U.S.C. § 227(b)(1)(A).  The TCPA provides a

      private cause of action to persons who receive calls in violation of 47 U.S.C. §

      227(b)(1)(A).  See 47 U.S.C. § 227(b)(3).

17.   According to findings by the Federal Communication Commission ("FCC"), the

agency Congress vested with authority to issue regulations implementing the TCPA,

such calls are prohibited because, as Congress found, automated or prerecorded

telephone calls are a greater nuisance and invasion of privacy than live solicitation

calls, and such calls can be costly and inconvenient.

18.     The FCC also recognized that "wireless customers are charged for incoming calls

whether they pay in advance or after the minutes are used." *In re Rules and*

*Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278,

Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

19.     In 2013, the FCC required prior express written consent for all autodialed or

prerecorded telemarketing calls ("robocalls") to wireless numbers and residential

lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed
> and be sufficient to show that the consumer: (1) received "clear and conspicuous
> disclosure" of the consequences of providing the requested consent, i.e., that the
> consumer will receive future calls that deliver prerecorded messages by or on behalf
> of a specific seller; and (2) having received this information, agrees unambiguously
> to receive such calls at a telephone number the consumer designates.[] In addition,
> the written agreement must be obtained "without requiring, directly or indirectly,
> that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.
Rcd. 1830, 1844 (2012) (footnotes omitted).

<u>The National Do Not Call Registry</u>

20.     The National Do Not Call Registry allows consumers to register their telephone

numbers and thereby indicate their desire not to receive telephone solicitations at

those numbers.  See 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be

honored indefinitely, or until the registration is cancelled by the consumer or the

telephone number is removed by the database administrator." *Id.*

21.     The TCPA and implementing regulations prohibit the initiation of telephone

solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c);

47 C.F.R. § 64.1200(c)(2).

<u>The TCPA's Internal Do Not Call List Requirements</u>

22.     The TCPA's implementing regulations prohibit any company from initiating any

telemarketing call unless the company has implemented internal procedures for

maintaining a list of persons who request not to be called by the entity. 47 C.F.R.

64.1200(d). Such internal procedures must meet certain minimum requirements to

allow the entity to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

23.     This includes the requirements that:

1.   "Persons or entities making calls for telemarketing purposes must have a written

policy, available upon demand, for maintaining a do-not-call list" (47 C.F.R.

64.1200(d)(1));

2.   "Personnel engaged in any aspect of telemarketing must be informed and trained

in the existence and use of the do-not-call list" (47 C.F.R. 64.1200(d)(2));

3.   Persons or entities making telemarketing calls must honor do-not-call requests

within a reasonable time, not to exceed thirty days, from the date such request is

made (47 C.F.R. 64.1200(d)(3));

4.   "A person or entity making calls for telemarketing purposes must maintain a

record of a consumer's request not to receive further telemarketing calls.  A do-

not-call request must be honored for 5 years from the time the request is made."

(47 C.F.R. 64.1200(d)(6)).

24.     Pursuant to 47 C.F.R. 64.1200(e), the rules set forth above in 47 C.F.R. 64.1200(d)

are "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers…."

## V. STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

25. The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful the "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RIGL § 6-13.1-2.

26. Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural persons, corporations, and any other legal entity. RIGL § 6-13.1-1 (3).

27. Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce" mean the sale or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of Rhode Island. RIGL § 6-13.1-1 (5).

28. Under the Rhode Island Deceptive Trade Practices Act, unfair methods of competition and unfair or deceptive acts or practices include (but are not limited to) any one or more of the following:

    a. Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
    b. Engaging in any act or practice that is unfair or deceptive to the consumer [RIGL § 6-13.1-1 (6) (xiii)].
    c. Using any other methods, acts or practices which mislead or deceive members of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

29. The Rhode Island Deceptive Trade Practices Act does not define consumer. RIGL § 6-13.1-1.

30. The remedies available under the Rhode Island Deceptive Trade Practices Act are

available to "any person" and are not limited to consumers.  RIGL § 6-13.1-5.2.

31.     The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and do not require a vendor-consumer relationship.  RIGL § 6-13.1-5.2.

32.     Under the Rhode Island Deceptive Trade Practices Act, any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2, may bring an action under the rules of civil procedure in the court of the county in which the seller or lessor resides; is found; has his or her principal place of business or is doing business; or in the superior court of the county as is otherwise provided by law, to recover actual damages or two hundred dollars ($200), whichever is greater. The court may, in its discretion, award punitive damages and may provide other equitable relief that it deems necessary or proper.  RIGL § 6-13.1-5.2(a).

## VI.  FACTUAL ALLEGATIONS

33.     Plaintiff is a person as that term is defined by 47 U.S.C. § 153(39).

34.     Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

35.     Defendant is a person as that term is defined by 47 U.S.C. § 153(39).

36.     Defendant is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

37.     Defendant is engaged in trade or commerce in the State of Rhode Island.

38.    In a quest to compete with other businesses, Rocket Mortgage implemented a telemarketing tool that placed automated calls to consumers to solicit Rocket Mortgage's products.

39.    Rocket Mortgage initiated, or caused to be initiated, telephone calls to Plaintiff's cellular telephone number for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

40.    Plaintiff did not ask for Rocket Mortgage to contact him regarding any products or services.

41.    Plaintiff does not have any business relationship with Rocket Mortgage.

42.    As a consumer, Plaintiff purchased a cellular telephone in 2019 for residential purposes only.

43.    Plaintiff's cellular telephone is not associated with any business.

44.    Plaintiff's cellular telephone has a limited minutes plan, so that when Rocket Mortgage places calls to Plaintiff, Rocket Mortgage depletes the minutes on Plaintiff's plan.

45.    Plaintiff does not owe any Defendant any money.

46.    On September 28, 2021, Plaintiff started receiving calls from 800 719 2133.

47.    When Plaintiff answered the call, there was dead air for six seconds before Plaintiff heard a click and then an operator started talking.

48.    The caller said "Hello Jason?"

49.    The caller claimed to be from "Rocket Mortgage."

50.    Rocket Mortgage was attempting to sell a financial product to Plaintiff.

51.    Plaintiff subsequently discovered that Rocket Mortgage is a telemarketer.

52. Rocket Mortgage continued to call Plaintiff.

53. During several of the calls when Rocket Mortgage called Plaintiff, Plaintiff would answer the call and there would not be anyone on the other end of the line for 6 seconds or more until the operator joined the call.

54. During several of the calls when Rocket Mortgage called Plaintiff, Plaintiff would answer the call and there would be a prerecorded message playing.

55. The prerecorded message contained an artificial or prerecorded voice.  Plaintiff recognized this because the initial voice sounded different from the operator who subsequently joined the call.  For example, the first voice had a lower volume, deeper tone, and had an audible click before and after the first voice.  Then, the second voice was clearer, louder, and had a higher pitch than the first voice.  Upon information and belief, Rocket Mortgage uses a prerecorded voice to initially answer the phone.  This allows the operator to stall for time so it can join the call after a consumer answers the call.

56. During the prerecorded message that Rocket Mortgage transmitted to Plaintiff, Rocket Mortgage did not state clearly at the beginning of the message the identity of the business, individual, or other entity initiating the call.

57. In the prerecorded message that Rocket Mortgage transmitted to Plaintiff, Rocket Mortgage did not state clearly the telephone number or address of such business, other entity, or individual.

58. Rocket Mortgage continuously called Plaintiff's cellular telephone

59. On several days, Rocket Mortgage called Plaintiff four times per day.

60. On one day, Rocket Mortgage called Plaintiff three times in one day.

61.   On September 29, 2021 at 4:27 PM ET, Rocket Mortgage called Plaintiff again and asked if "Jason" was there.  Plaintiff told Rocket Mortgage, "No."  Plaintiff made it clear to the operator that he was not Jason.

62.   Despite leaving no doubt that Plaintiff was not "Jason," the same operator called Plaintiff again two hours later at 6:43 PM ET on September 29, 2021.  Plaintiff recognized the voice of the operator from earlier that day.

63.   Rocket Mortgage's repeated robocalls were unreasonable when Rocket Mortgage knew they were not reaching "Jason."

64.   During these calls, Rocket Mortgage operators did not identify themselves by name or provide a call back number.

65.   Rocket Mortgage did not have procedures to stop calling consumers who do not want further robocalls.

66.   On October 8, 2021, Plaintiff sent a certified letter (return receipt requested) to Rocket Mortgage at 1050 Woodward Ave, Detroit, MI 48226.

67.   Plaintiff obtained Rocket Mortgage's address from the website www.rocketmortgage.com.

68.   In Plaintiff's letter, Plaintiff provided his name, his full mailing address, and his telephone number that Rocket Mortgage keeps calling.

69.   In Plaintiff's letter, he stated:

> *Dear Rocket Mortgage,*
>
> *Please don't send me any text messages or call me.  You have the wrong number.*
>
> *Sincerely,*
>
> *Chris Laccinole*

10

70.     Plaintiff attaches a copy of the letter he sent to Rocket Mortgage as Exhibit A to this Complaint.

71.     Rocket Mortgage received and signed for Plaintiff's letter on October 12, 2021.

72.     Plaintiff attaches a copy of the return receipt signed by "Anthony Guido" of Rocket Mortgage as Exhibit B to this Complaint.

73.     Despite receiving a clear and unmistakable certified mail request from Plaintiff that Rocket Mortgage stop calling Plaintiff, Rocket Mortgage continued to call Plaintiff after signing and receiving Plaintiff's letter.

74.     Upon information and belief, Defendants employ an automated telephone dialing system because there was no human on the other end of the call for over six seconds during several of these calls. The further evidence of this system is that during some of the calls, Plaintiff heard an audible click followed by a pause and then an operator joined the call.

75.     The further evidence of this automated telephone dialing system is that Rocket Mortgage used prerecorded messages when Plaintiff answered the call.

76.     To call Plaintiff's cellular telephone, Defendants utilized a calling platform ("Platform") that allowed the transmission of thousands of calls without human involvement.

77.     This is evident because on many occasions, Plaintiff received and answered phone calls from Defendants, only to be placed on hold and forced to wait while no human was on the other end of the call.

78.     Specifically, upon information and belief, Defendants utilized a combination of hardware and software systems to call Plaintiff.  The systems utilized by Defendants

have the capacity to store telephone numbers using a random or sequential

generator, and to dial such numbers from a list without human intervention.

79. The Platform has the capacity to store telephone numbers, which capacity was in fact

utilized by Defendants.

80. The Platform has the capacity to generate sequential numbers, which capacity was in

fact utilized by Defendants to determine the order in which to pick phone numbers

from a preproduced list.

81. The Platform has the capacity to dial numbers in sequential order, which capacity

was in fact utilized by Defendants.

82. The Platform has the capacity to dial numbers from a list of numbers, which capacity

was in fact utilized by Defendants.

83. The Platform has the capacity to dial numbers without human intervention, which

capacity was in fact utilized by Defendants.

84. The Platform has the capacity to schedule the time and date for future transmission

of phone calls, which occurs without any human involvement.

85. To call telephone numbers, Defendant's Platform automatically executed the

following steps:

a. The Platform retrieved each telephone number from a list of numbers in the

sequential order the numbers were listed;

b. The Platform then generated each number in the sequential order listed and

dialed each number;

c. Each call was then placed in the sequential order listed to mobile carriers (e.g.

AT&T), and consumers.

    d.  Upon the answer of Plaintiff, the Platform transferred the call – automatically and with no human intervention – to a queue in which Defendants could supply a live operator, again in the sequential order listed by Defendant.  If no live operator (human) was available, the Platform – automatically and with no human intervention – played a prerecorded message.

86.   The above execution of these instructions occurred seamlessly, with no human intervention, and almost instantaneously.  Indeed, the Platform is capable of transmitting thousands of calls following the above steps in minutes, if not less.

87.   Upon information and belief, Rocket Mortgage uses the phone number 800 719 2133 to contact consumers such as Plaintiff.

88.   Plaintiff does not have an account with Rocket Mortgage.

89.   Plaintiff has no pre-existing business relationship with Rocket Mortgage and never requested by an agreement or otherwise that he be contacted.

90.   At the time that Rocket Mortgage started calling Plaintiff, Plaintiff had already been in possession of his phone and the phone number in question for nearly two years. At no point in this preceding two years was Plaintiff ever contacted by Rocket Mortgage.

91.   Plaintiff never provided his consent to Rocket Mortgage to be contacted on his cellular telephone.

92.   Plaintiff's phone number is part of the national Do Not Call registry.

93.   Rocket Mortgage's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration, and annoyance.

94.  It is unfair for Rocket Mortgage to call Plaintiff and deplete the minutes in Plaintiff's cell phone plan when Rocket Mortgage did not have consent to call Plaintiff.

95.  In the preceding 12-month period, Plaintiff has received more than one telephone call on behalf of Rocket Mortgage at the same telephone number.

96.  Rocket Mortgage called Plaintiff's cellular telephone number at least fourteen times in the last year.

97.  The telephone calls to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

98.  The robocalls were annoying, abusive, and harassing to Plaintiff.

99.  The robocalls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

100.  Defendants do not maintain a written policy for maintaining a do-not-call list.

101.  Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

102.  Plaintiff incurred damages as a result of Defendant's unlawful conduct.

103.  Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

104.  Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

105.  Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

106.  Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

107.  Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

108.   Defendant's phone calls harmed Plaintiff by causing Plaintiff aggravation and
annoyance.

109.   Defendant's phone calls harmed Plaintiff by wasting Plaintiff's time.

110.   Defendant's phone calls harmed Plaintiff by depleting the battery life on Plaintiff's
cellular telephone.

111.   Defendant's phone calls harmed Plaintiff by using minutes allocated to Plaintiff by
Plaintiff's cellular telephone service provider.

112.   Defendant's phone calls harmed Plaintiff by using data storage space in Plaintiff's
cellular telephone.

113.   Defendant engaged in unfair methods of competition and unfair or deceptive acts or
practices by engaging in acts or practices that are unfair or deceptive to the
consumer.  Rocket Mortgage called Plaintiff after Plaintiff told Rocket Mortgage to
cease and desist.  Rocket Mortgage caused charges to be incurred on Plaintiff's
cellular telephone.

114.   Defendant engaged in unfair methods of competition and unfair or deceptive acts or
practices by using methods, acts, and practices that mislead or deceive members of
the public in a material respect.

**COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii)**

115.   The acts of the Defendants constitute violations of the Telephone Consumer
Protection Act.

116.   Defendant's violations of the TCPA include, but are not limited to, the following:

>   Making and/or initiating a telephone call using an automatic telephone
>   dialing system or an artificial or prerecorded voice to any telephone number
>   assigned to a cellular telephone service, in violation of 47 U.S.C. §
>   227(b)(1)(A)(iii).

117.  As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

118.  Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for "each such violation" pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)**

119.  The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

120.  Defendants violated regulations of the TCPA including, but not limited to, the

following:

No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 CFR § 64.1200(a)(1)(iii).

121.  Defendants damaged Plaintiff by calling and texting his cellular phone and using the

limited minutes plan in his cellular telephone plan that Plaintiff purchased.

122.  As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

123.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT III – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)**

124.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

125.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.

47 CFR § 64.1200(a)(2).

126.    Defendants damaged Plaintiff by calling his cellular phone with telemarketing

messages and using the limited minutes plan in Plaintiff's cellular telephone plan that

Plaintiff purchased.

127.    As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

128.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from making telemarketing calls using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)**

129.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

130.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

> In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.
>
> 47 CFR § 64.1200(b)(3).

131.    Since Defendants did not provide an opt-out mechanism to Plaintiff during the

prerecorded message, Defendant's conduct damaged Plaintiff by forcing him to incur

expenses from further phone calls or prerecorded messages to Plaintiff's cellular

telephone.

132.   As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

133.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from making telephone solicitations without providing an opt out mechanism.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT V – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)**

134.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

135.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 CFR § 64.1200(c)(2).

The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153,

"Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 CFR § 64.1200(e).

136.   Since Defendants called Plaintiff's cellular telephone while his telephone was on the National Do Not Call Registry, Defendant's conduct damaged Plaintiff by forcing him to incur expenses from further phone calls to Plaintiff's cellular telephone.

137.   As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

138.   Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling telephone numbers on the national do-not-call-registry.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT VI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)**

139.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

140.   Defendants violated regulations of the TCPA including, but not limited to, the following:

Written policy.  Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

47 CFR § 64.1200(d)(1).

141. Defendants do not maintain a do-not-call list.

142. As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

143. Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from conducting telemarketing without a written policy for maintaining a do-not-call list.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT VII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)**

144. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

145. Defendants violated regulations of the TCPA including, but not limited to, the following:

Training of personnel engaged in telemarketing.  Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

47 CFR § 64.1200(d)(2).

146. Defendants do not maintain a do-not-call list.

147. As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

148.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without informed and trained personnel.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT VIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(3)

149.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

150.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called

> to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> 47 CFR § 64.1200(d)(3).

151.    Defendants refused to record or honor Plaintiff's do not call request.

152.    As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

153.    Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without recording of do-not-call requests.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT IX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)**

154.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

155.    Defendants violated regulations of the TCPA including, but not limited to, the following:

> Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.
>
> 47 CFR § 64.1200(d)(4).

156. Since Defendants did not identify the name of the caller, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

157. Since Defendants did not identify the name of the entity on whose behalf the call is being made, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

158. Since Defendants did not identify the telephone number of the caller, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

159. Since Defendants did not identify the address of the caller, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

160. As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

161. Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without identifying the caller.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT X – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(5)**

162.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

163.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

> Affiliated persons or entities. In the absence of a specific request by the
> subscriber to the contrary, a residential subscriber's do-not-call request shall
> apply to the particular business entity making the call (or on whose behalf a
> call is made), and will not apply to affiliated entities unless the consumer
> reasonably would expect them to be included given the identification of the
> caller and the product being advertised.
>
> 47 CFR § 64.1200(d)(5).

164.    Defendants did not apply Plaintiff's do not call request to the particular business

entity making the calls.

165.    As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

166.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   when a consumer reported a do-not-call request to an affiliate.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(6)

167.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

168.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

> Maintenance of do-not-call lists. A person or entity making calls for
> telemarketing purposes must maintain a record of a consumer's request not to
> receive further telemarketing calls. A do-not-call request must be honored for 5
> years from the time the request is made.
>
> 47 CFR § 64.1200(d)(6).

169.    Defendants did not maintain Plaintiff's do not call request.

170.    As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

171.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   without maintaining a do-not-call list.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XII – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)

172.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

173.   Defendant's violations of the TCPA include, but are not limited to, the following:

Placing more than one telephone call to Plaintiff's cellular phone without consent in violation of the TCPA regulations.

174.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

175.   Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)**

176.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

177.   Defendants violated regulations of the TCPA including, but not limited to, the following:

No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 CFR § 64.1200(a)(1)(iii).

178.   Defendants damaged Plaintiff by calling and texting his cellular phone and using the

limited minutes plan in his cellular telephone plan that Plaintiff purchased.

179.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

180.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XIV – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)

181.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

182.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.

47 CFR § 64.1200(a)(2).

183.   Defendants damaged Plaintiff by calling his cellular phone with telemarketing

messages and using the limited minutes plan in Plaintiff's cellular telephone plan that

Plaintiff purchased.

184.  As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

185.  Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)  Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2)  Statutory Damages in the amount of $1,500 for each such violation
    pursuant to 47 U.S.C. § 227(c)(5);
3)  Injunctive Relief to restrain and enjoin Defendant from telemarketing
    using an automatic telephone dialing system or prerecorded message.
4)  Referral to the Rhode Island Attorney General for prosecution under 47
    U.S.C. § 227(g).
5)  Such other relief as the Court may deem just and appropriate.

**COUNT XV – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)**

186.  The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

187.  Defendants violated regulations of the TCPA including, but not limited to, the

following:

> In every case where the artificial or prerecorded voice telephone message
> includes or introduces an advertisement or constitutes telemarketing and is
> delivered to a residential telephone line or any of the lines or telephone
> numbers described in paragraphs (a)(1)(i) through (iii), provide an automated,
> interactive voice- and/or key press-activated opt-out mechanism for the called
> person to make a do-not-call request.
>
> 47 CFR § 64.1200(b)(3).

188.  Since Defendants did not provide an opt-out mechanism to Plaintiff during the

prerecorded message, Defendant's conduct damaged Plaintiff by forcing him to incur

expenses from further phone calls to Plaintiff's cellular telephone.

189.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

190.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(a
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without an opt-out mechanism.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XVI – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)**

191.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

192.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

> No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.
>                                                                 47 CFR § 64.1200(c)(2).

> The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153,

"Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 CFR § 64.1200(e).

193. Since Defendants called Plaintiff's cellular telephone while his telephone was on the National Do Not Call Registry, Defendant's conduct damaged Plaintiff by forcing him to incur expenses from further phone calls to Plaintiff's cellular telephone.

194. As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

195. Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing to numbers on the national do-not-call registry.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XVII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)

196. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

197. Defendants violated regulations of the TCPA including, but not limited to, the following:

Written policy.  Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

31

47 CFR § 64.1200(d)(1).

198.   Defendants do not maintain a do-not-call list.

199.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

200.   Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without a written do-not-call policy.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XVIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)

201.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

202.   Defendants violated regulations of the TCPA including, but not limited to, the following:

Training of personnel engaged in telemarketing.  Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

47 CFR § 64.1200(d)(2).

203.   Defendants do not maintain a do-not-call list.

204.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

205. Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without informed and trained personnel.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XIX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(3)

206. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

207. Defendants violated regulations of the TCPA including, but not limited to, the

following:

Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called

> to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> 47 CFR § 64.1200(d)(3).

208.   Defendants refused to record or honor Plaintiff's do not call request.

209.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

210.   Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without recording and honoring do-not-call requests.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)**

211.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

212.   Defendants violated regulations of the TCPA including, but not limited to, the following:

> Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.
>
> 47 CFR § 64.1200(d)(4).

213. Since Defendants did not identify the name of the caller, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

214. Since Defendants did not identify the name of the entity on whose behalf the call is being made, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

215. Since Defendants did not identify the telephone number of the caller, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

216. Since Defendants did not identify the address of the caller, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

217. As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

218. Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without identifying the caller.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XXI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(5)**

219.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

220.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

> Affiliated persons or entities. In the absence of a specific request by the
> subscriber to the contrary, a residential subscriber's do-not-call request shall
> apply to the particular business entity making the call (or on whose behalf a
> call is made), and will not apply to affiliated entities unless the consumer
> reasonably would expect them to be included given the identification of the
> caller and the product being advertised.
>
> 47 CFR § 64.1200(d)(5).

221.    Defendants did not apply Plaintiff's do not call request to the particular business

entity making the calls.

222.    As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

223.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   without honoring do-not-call requests from an affiliate.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XXII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(6)**

224. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

225. Defendants violated regulations of the TCPA including, but not limited to, the

following:

> Maintenance of do-not-call lists. A person or entity making calls for
> telemarketing purposes must maintain a record of a consumer's request not to
> receive further telemarketing calls. A do-not-call request must be honored for 5
> years from the time the request is made.
>
> 47 CFR § 64.1200(d)(6).

226. Defendants did not maintain Plaintiff's do not call request.

227. As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

228. Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   without maintaining a do-not-call list.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XXIII – RHODE ISLAND DTPA**

229. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

230. Defendant violated the restrictions the RI DTPA imposes on them prohibiting Defendant from using unfair and deceptive practices in violation of Rhode Island General Law § 6-13.1 et seq.

231. Defendant engaged in false representation or deceptive means to obtain money from a person.

232. By calling Plaintiff's personal cellular telephone repeatedly, Defendants caused Plaintiff to incur charges to his personal cellular telephone plan, and depleted the minutes available in his plan.

233. Defendant's actions were unfair to Plaintiff where Plaintiff had to go out of his way to tell Defendants to stop calling him and to stop the charges from Rocket Mortgage to accrue to Plaintiff's cellular telephone plan.

234. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 6-13.1-5.2.

235. Such conduct and actions of Defendants were willful, egregious, wicked, and, as a result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General Law § 6-13.1-5.2.

236. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages against Defendants for each violation of the Rhode Island Deceptive Trade Practices Act pursuant to RIGL § 6-13.1-5.2;
3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5) Declaratory Relief that Defendants violated the Rhode Island Deceptive

Trade Practices Act;

6) Injunctive Relief to refer the Court's findings to the Rhode Island Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5, RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.

7) Interest pursuant to RIGL § 9-21-10;

8) Such other relief as the Court may deem just and appropriate.

## COUNT XXIV – RIGHT TO PRIVACY

237.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

238.   Defendants violated the restrictions the privacy statute imposes on them prohibiting Defendants from invading Plaintiff's privacy in violation of RIGL § 9-1-28.1 *et seq*.

239.   Defendants intruded upon the seclusion of Plaintiff.

240.   It is highly offensive that Defendants robocall Plaintiff four times a day, put Plaintiff on hold, and play prerecorded messages—especially when Plaintiff asked Defendants to stop calling him.

241.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined pursuant to RIGL § 9-1-28.1.

242.   The Plaintiff is entitled to an award of attorney's fees pursuant to RIGL § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Declaratory Relief that Defendants invaded Plaintiff's privacy.
4) Injunctive Relief to restrain and enjoin Defendants from violating Plaintiff's privacy.
5) Interest pursuant to RIGL § 9-21-10;
1) Such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

## CERTIFICATE OF SERVICE

The Plaintiff certifies that on January 24, 2022, he mailed a copy of the foregoing First Amended Complaint and Exhibits via USPS Certified Mail, return receipt requested to Defense Counsel at:

Harris K. Weiner
Harris K. Weiner Law
197 Taunton Avenue
East Providence, RI 025914

The Plaintiff,
Christopher Laccinole, *pro se*

*/s/ Christopher M. Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com