## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CHRISTOPHER LACCINOLE,<br>    Plaintiff,<br><br>    v.<br><br>ROCKET MORTGAGE, LLC et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)       C.A. No. 21-478-JJM-LDA<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Christopher Laccinole has filed dozens of lawsuits in this court, mainly rooted in debt collection and consumer protection laws. He has become artful in his pleading, clearly taking note of the Court's rulings on the sufficiency of his allegations, the legal arguments of the companies he sues, and then moving to amend his complaint multiple times, [1] in order to survive dispositive motions.

Before the Court is another of these cases – a twenty-four count complaint under the Telephone Consumer Protection Act ("TCPA") and Rhode Island common law and statute. Mr. Laccinole's case stems from his alleged receipt of phone calls from Defendant Rocket Mortgage without his consent. Rocket Mortgage moved to

---

[1] *See Laccinole v. Assad*, No. CV 14-447 S, 2016 WL 878495, at *2 (D.R.I. Mar. 7, 2016) (allowing Mr. Laccinole to amend his complaint, but noting that "[b]ased on Laccinole's history with this Court, Laccinole is WARNED that amending his complaint to bring a frivolous or meritless lawsuit may warrant the imposition of sanctions including fines, an order to pay the legal fees incurred by defendant in defending the suit, and an injunction enjoining him from filing further lawsuits absent prior permission of a judge to file.")

dismiss the initial complaint, raising pleading deficiencies that Mr. Laccinole is familiar with in light of his experience with litigation in this court and others. Mr. Laccinole was given the opportunity to respond to these deficiencies by amending his complaint. ECF No. 8. Rocket Mortgage now moves to dismiss the entire Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that it fails to state a cognizable claim. ECF No. 11.

## I.   BACKGROUND

Mr. Laccinole, a Narragansett, Rhode Island resident, alleges that he began receiving unidentified calls starting on September 28, 2021, from Rocket Mortgage in an effort to sell him a financial product. He alleges that Rocket Mortgage used an Automated Telephone Dialing System ("ATDS") to make these calls which violates the TCPA. The calls were made without his consent as he is not a Rocket Mortgage customer and has no business relationship with the company.

He claims that Rocket Mortgage called him at least fourteen times but identifies only three calls in his Amended Complaint. On the first call, he alleges that the caller identified as a Rocket Mortgage representative, asked for "Jason," and attempted to sell him a financial product. He alleges that Rocket Mortgage called him twice the next day, again asking for "Jason" and being told by Mr. Laccinole that he was not "Jason." He sent Rocket Mortgage a letter by certified mail asking it to stop calling him. He alleges that a Rocket Mortgage employee received the letter, but the calls did not stop.

Mr. Laccinole filed this suit, amended his complaint (ECF No. 8), and now Rocket Mortgage moves to dismiss it in its entirety.  ECF No. 11.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims presented in a plaintiff's complaint.  "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)).  At this stage, "the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility inquiry necessitates a two-step pavane." *García-Catalán*, 734 F.3d at 103.  "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)).  "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)).  "In determining whether a complaint crosses the plausibility threshold, 'the

reviewing court [must] draw on its judicial experience and common sense.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

## III.  DISCUSSION

Count I-XXII alleges that Rocket Mortgage violated the TCPA by calling him using an ATDS, using his pre-paid phone minutes without his consent. Counts XXIII alleges claims under the Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1 ("RIDTPA") and Count XXIV alleges invasion of privacy under R.I. Gen. Laws § 9-1-28.1.

The Court has carefully reviewed Mr. Laccinole's Amended Complaint in light of the standard of review on a motion to dismiss and taking into account his status as a pro se filer. Out of the gate, the Court GRANTS Rocket Mortgage's motion to dismiss Counts XIII through XXII because they are duplicative. Mr. Laccinole seems to argue that these claims are not duplicative, but pleadings in the alternative. The Court agrees with Rocket Mortgage that Counts XIII through XXII are exact duplicates of Counts II through XI. As such, the Court GRANTS Rocket Mortgage's motion as to those claims and DISMISSES Counts XIII through XXII. Now the Court will analyze the viability of Mr. Laccinole's remaining claims.

### A.  TCPA Claims Relating to an ATDS (Counts I-IV)

The TCPA regulates the making of "any call (other than a call ... made with the prior express consent of the called party) using any automatic telephone dialing system ... (iii) to any number assigned to a ... cellular telephone service...." 47 U.S.C. § 227(b)(1)(A)(iii). To make out a plausible claim for relief under this provision,

Mr. Laccinole must plead (1) that Rocket Mortgage made a telephone call (2) for non-emergency purposes or without his prior express consent (3) using an automatic dialing system or artificial or recorded voice (4) to a telephone number assigned to a cellular telephone service. *See id.* "To qualify as an 'automatic telephone dialing system,' a device must have the capacity to either store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, —— U.S. ——, 141 S. Ct. 1163, 1167 (2021).

Here, Mr. Laccinole asserts that Rocket Mortgage called him many times on his cell phone using an ATDS and alleges facts that, when accepted as true, could set forth a plausible case that Rocket Mortgage used an ATDS. ECF No. 8 ¶¶ 46-55; 74-87. Mr. Laccinole alleges that Rocket Mortgage used an ATDS and that the calls used an artificial or prerecorded voice. *Id.* He does not discuss the content of the calls but describes how the calls conveyed an identical message in a uniform voice, rhythm, and intonation. *Id.* ¶ 55. The calls were frequent and repetitious. *Id.* ¶¶ 59-62. Mr. Laccinole also alleges that he never asked Rocket Mortgage to call him, *id.* ¶ 40; that the calls continued after he asked Rocket Mortgage by certified letter to stop, *id.* ¶¶ 66-72; and that the calls were for a non-emergency purpose, *id.* ¶ 97. Finally, he alleges that the calls were made to his cellular telephone. *See id.* ¶ 39.

Despite the length of Mr. Laccinole's Amended Complaint, the Court finds that some of these allegations are borderline "threadbare recitations" of the TCPA elements. But the Court will accept them at this stage not only because of his pro se

status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but also because "claims based on alleged violations of the TCPA do not require the usual level of particularity." *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 323 (D. Mass. Jan. 24, 2020). Therefore, the Court finds that Mr. Laccinole states a plausible claim for relief under 47 U.S.C. § 227(b)(1)(A)(iii) and Rocket Mortgage's Motion to Dismiss Counts I-IV is DENIED.

**B.    TCPA Claim Relating to the Do-Not-Call List (Count V-XII)**

In Counts V-XII, Mr. Laccinole alleges violations of 47 C.F.R. 64.1200((c)(2), 47 C.F.R 64.1200(d)(1)-(6), and 47 U.S.C. 227 (c)(5).[2]  The latter section establishes the do-not-call list and the former regulations set forth policies and procedures for maintaining such a list.  All involve telemarketing defined as "telephone call[s] or message[s] [made] for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services...." *See* 47 C.F.R. § 64.1200(f)(13).  To make out a claim under these provisions, Mr. Laccinole must plead, at minimum, that (1) he is a residential telephone subscriber who (2) received a telemarketing call or solicitation from Rocket Mortgage (3) and Rocket Mortgage has not implemented the requisite procedures detailed in the regulations.

The Court finds that Mr. Laccinole's allegations do not meet the particularity required.   His allegations concerning Rocket Mortgage's supposed failure to

---

[2] Mr. Laccinole brings these claims under 47 C.F.R. § 64.1200(d), which implements 47 U.S.C. § 227(c). *See Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). "[A] violation of 47 C.F.R. § 64.1200(d) can give rise to a claim under 47 U.S.C. § 227(c)(5)." *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1200-1201 (M.D. Tenn. 2017).

implement the requisite procedures are mere recitations of the legal elements and must be discarded. Therefore, Mr. Laccinole does not state a plausible claim for relief under 47 C.F.R. § 64.1200(c)(2) or 47 C.F.R. § 1200(d)(1)-(6). The Court GRANTS Rocket Mortgage's Motion to Dismiss Counts V-XI.

In Count XXII, Mr. Laccinole seeks to recover under § 227(c)(5) of the TCPA and its implementing regulations. Section 227(c)(5) offers a private right of action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection."

Mr. Laccinole does allege that he asked Rocket Mortgage to stop calling him and that he received more than one marketing and/or solicitation phone call within one year from Rocket Mortgage. ECF No. 8 ¶¶ 95-96. While he does not make any factual allegations about the nature of the alleged calls from Rocket Mortgage, the Court can infer that these repeated calls were in the nature of marketing calls since he alleges that he is not a customer or client of Rocket Mortgage. Again, this claim is thin, and discovery may prove otherwise, but at this stage, the Court DENIES the motion to dismiss Count XII.

## C.   DTPA Claim (Count XXIII)

The DTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." R.I. Gen. Laws § 6-13.1-2. It should be "liberally construed." *Long v. Dell, Inc.*, 984 A.2d 1074, 1081 (R.I. 2009). To invoke the protection of the DTPA, "a plaintiff must establish that he or

she is a consumer, and that defendant is committing or has committed an unfair or deceptive act while engaged in a business of trade or commerce." *Kelley v. Cowesett Hills Assoc.*, 768 A.2d 425, 431 (R.I. 2001).

Mr. Laccinole alleges that he is a consumer. ECF No. 8 ¶ 42. He alleges that Rocket Mortgage called him "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services" – language taken directly from the statute. *Id.* ¶ 39. Although this is a conclusory statement, he also alleges that Rocket Mortgage called him to sell a financial product. *Id.* ¶ 50. Therefore, Mr. Laccinole states a claim under the DTPA, and Rocket Mortgage's motion is DENIED as to Count XXIII.

### D.   Rhode Island Privacy Act Claim (Count XXIV)

Mr. Laccinole alleges that Rocket Mortgage called him multiple times after he sent by certified mail a request to be put on the do-not-call list in violation of the Privacy Act to be "secure from unreasonable intrusion upon [his] physical solitude or seclusion[.]" *See* R.I. Gen. Laws § 9-1-28.1(a)(1).

> In order to recover for a violation of this right, it must be established that: (A) It was an invasion of something that is entitled to be private or would be expected to be private; (B) The invasion was or is offensive or objectionable to a reasonable man[.]

R.I. Gen. Laws § 9-1-28.1(a)(1)(i). "In passing § 9-1-28.1, the Legislature explicitly afforded protection to the four interests encompassed within the 'common law tort' recognized by" the Restatement (Second) of Torts. *Pontbriand v. Sundlun*, 699 A.2d 856, 863 (R.I. 1997); *see Swerdlick v. Koch*, 721 A.2d 849, 857 n. 11 (R.I. 1998); Restatement (Second) of Torts § 652B cmt. b, illustration 5 (repeated unwanted

telephone calls may constitute unreasonable intrusions upon seclusion). The question turns largely on whether the reasonable person would find the "persistence and frequency" of the calls offensive. *See* Restatement (Second) of Torts § 652B cmt. d.

In his Amended Complaint, Mr. Laccinole alleges that Rocket Mortgage called him at least fourteen times over the last year. ECF No. 8 ¶ 96. He alleges that it called him "continuously." *Id.* ¶ 58. He received multiple calls on certain days. *Id.* ¶¶ 59-60. Mr. Laccinole alleges that the calls were annoying and disrupted his peaceful enjoyment such that he registered for the do-not-call list. Id. ¶ 98; *see also id.* ¶¶ 68-73. Given these allegations, a reasonable person might conclude that Rocket Mortgage's persistent and frequent calls invaded an area of expected privacy in an objectionable or offensive manner. Therefore, the Court finds that Mr. Laccinole states a plausible claim for relief under the Rhode Island Privacy Act and Rocket Mortgage's motion is DENIED as to Count XXIV.

## IV.   CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Rocket Mortgage's Motion to Dismiss. ECF No. 11. The Court GRANTS the motion as to Counts V through XI and XIII through XXII and those claims are DISMISSED. The Court DENIES the motion as to Counts I through IV, XII, XXIII, and XXIV.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

June 30, 2022